UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>BILL DESSAPS,<br>    Defendant. | )<br>)<br>)   No. 24-CR-10009-AK<br>)<br>)<br>)<br>)<br>)<br>) |

**Government's Proposed Trial Deadlines**

At the status conference on February 4, the Court rescheduled the trial in this case to begin on September 8 and instructed the parties to submit a revised scheduling order. Dkt. 101.

The government respectfully proposes the deadlines outlined below. These deadlines are generally consistent with the Court's previous scheduling order (Dkt. 89), except with respect to the government's non-witness disclosures. When the parties first proposed pretrial deadlines ahead of a February 24 trial date, the defendant requested an earlier deadline for the government's witness disclosure (seven weeks before trial), but the parties otherwise jointly proposed that all other government disclosures be made three weeks before trial. Dkt. 88. However, the Court's subsequent scheduling order adopted a seven-week deadline for all government disclosures. Dkt. 89. The government respectfully requests that, in resetting the deadlines, the Court adopt the seven-week deadline for witness disclosures only (as originally requested by the defendant) and the three-week deadline for other disclosures (as previously proposed by both parties).[1]

---

[1] The defendant now requests a seven-week deadline for all government disclosures. Dkt. 104. The defendant has offered no sound basis for asking that the government be required to make all of its disclosures, including exhibits and witness statements, so unusually far in advance of trial.

1

**I. Trial Deadlines:**

    A. **Government's Witness Disclosure**: On or before Monday, July 21, 2025, the government shall disclose to the defendant a list of prospective witnesses the government may call during its case-in-chief, identified by city or town of residence.

    B. **Government's Other Disclosures:** On or before August 11, 2025, the government shall disclose to the defendant:

        1. Exculpatory Information: any and all exculpatory information identified in Local Rule 116.2 that has not been previously produced;

        2. "Prior Bad Acts" Evidence: a general description, including the approximate date, time, and place, of any "prior bad acts" evidence the government plans to introduce under Fed R. Evid. 404(b);

        3. Witness Statements: any statement, as contemplated by 18 U.S.C § 3500(e) and Fed. R. Crim. P. 26.2, of a witness that the government may call during its case-in-chief; and,

        4. Exhibits: copies of any exhibits and a premarked list of exhibits the government may introduce during its case-in-chief.

    C. **Defendant Disclosures**: On or before Monday, August 18, 2025, the defendant shall disclose to the government:

        1. Witnesses: a list of prospective witnesses the defense may call during its case-in-chief, identified by city or town of residence;

        2. Witness Statements: any statement, as contemplated by 18 U.S.C § 3500(e) and Fed. R. Crim. P. 26.2, of a witness that the defense may call during its case-in-chief; and

        3. Exhibits: copies of any exhibits and a premarked list of exhibits the defense may

introduce during its case-in-chief.

D. **Continuing Disclosure Obligation**: After completing these disclosures, the parties shall be under a continuing obligation to timely disclose any additional witnesses or exhibits that they subsequently develop an intent to call or offer. The government shall make every effort to disclose all relevant information as early as possible. The Court will not tolerate late disclosures without good cause shown.

## II. PRETRIAL FILINGS

A. **Motions in Limine**: On or before Wednesday, August 20, 2025, the parties shall file any motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues, including memoranda providing authority for the ruling requested.

- Oppositions are due by August 26, 2025. Parties shall confer prior to filing any motions in limine to narrow the issues presented to the Court.

B. **Voir Dire Questions and Jury Instructions**: On or before Monday, August 18, 2025, the parties shall, jointly or separately, file with the Court any proposed questions for the voir dire examination and any proposed substantive jury instructions, with citation to supporting authority, though the parties need not submit boilerplate preliminary or post-trial instructions.

- Oppositions: On or before Monday, August 25, 2025, file any objections to the other party's proposed voir dire questions and jury instructions. The parties shall clearly indicate voir dire questions and jury instructions to which there are no objections and any voir dire questions and jury instructions that are contested. If the objections include proposed modifications of the other party's any voir dire questions and jury instructions, such proposed modifications shall be presented

3

using underlining (for proposed additions) and strike-out (for proposed deletions).

- Editable Versions of the Filings: The parties shall send editable Word versions of these filings to the Deputy Clerk on the same date the documents are filed with the Court.

C. **Trial Briefs**: On or before Monday, August 25, 2025, each party shall file a trial brief forth any and all remaining or foreseeable disputes concerning issues of law.

D. **Final Pretrial Filings**: On or before Monday, August 25, 2025, the parties shall file with the Court each of the following:

1. Stipulated Facts: any stipulated or admitted facts that the parties agree are not in dispute in a form suitable for presentation to the jury;

2. Witnesses: a list of prospective witnesses to be brought to the jury's attention during voir dire, identified by city or town of residence, to be sent by email to the Deputy Clerk and not filed on the public docket;

3. Rule 16 Statements: a statement of the qualifications of any prospective government expert witness, any summary of prospective government witness testimony that has been produced to the defendant pursuant to Fed. R. Crim. P. 16(a)(1)(G), and any reciprocal disclosure produced by the defendant pursuant to Fed. R. Crim. P. 16(b)(1)(C);

4. Technology Requests: any request to use audio-visual equipment or other courtroom technology during trial;

5. Estimate of Length: an informed estimate of the length of the trial, based on a schedule of 9:00 AM to 1:00 PM, Monday through Friday; and

6. Exhibits: a joint list of (a) "Uncontested Exhibits," i.e., photographs,

documents, instruments, and all other objects, as to which there appear to be no objections, identified and marked by a single sequence of numbers regardless of which party is the proponent, in the form attached hereto as Appendix A, and (b) a list of "Exhibits to be Offered at Trial" of exhibits to which each party reserves the right to object, identified and marked by the party proponent and a separate sequence of capital letters for each party, i.e. Government A-Z and Defendant(s) A-Z, in the form attached hereto as Appendix A.

E. **Courtesy Copies (Electronic):** On the same date the exhibit lists are filed with the Court, the parties shall provide the Court with a disc containing courtesy copies of all exhibits, labeled according to the sequences described above.

F. **Courtesy Copies (Paper):** At least one business day before trial, counsel shall provide the Court with 3 paper courtesy copies of all exhibits. The exhibits shall be pre-marked with exhibit stickers containing the exhibit number or letter set forth in the joint list of exhibits, and should have extraneous prior exhibit numbers, exhibit stickers, or other numbering removed. If counsel plan to place paper copies of exhibits on the witness stand, counsel should ensure that they come prepared with enough copies of exhibits for both the testifying witness and the examining attorney.

    Respectfully submitted,

    LEAH B. FOLEY
    United States Attorney

    */s/ David M. Holcomb*
    David M. Holcomb
    Meghan Chambers Cleary
    Assistant United States Attorneys

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: March 13, 2025

                                        */s/ David M. Holcomb*
                                        DAVID M. HOLCOMB
                                        Assistant U.S. Attorney