UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 24-CR-10009-AK |
| v. |  |  |
| BILL DESSAPS, |  |  |
| Defendant. |  |  |

**MEMORANDUM AND ORDER ON BILL DESSAPS'S MOTIONS FOR ACQUITTAL**

**ANGEL KELLEY, D.J.**

At the close of the Government's case, and renewed at the close of all evidence, the Defendant, Bill Dessaps, moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the government did not produce sufficient evidence for a rational jury to find that he was guilty of each of the four counts of the Superseding Indictment [Dkt. 70]: (1) Conspiracy to Commit Wire Fraud; (2) Money Laundering; (3) Bank Fraud; and, (4) Conspiracy to Commit Wire Fraud. With the Court's permission, Dessaps supplemented his Motion after the conclusion of trial, raising more specific challenges without waiving any other sufficiency-of-the-evidence arguments. The government opposes. [Dkt. 239]. For the following reasons, Dessaps's Motion for Acquittal After the Government's Case and Renewed After Close of Evidence [Dkt. 220] and Motion for Judgment NOV [Dkt. 238] are **DENIED**.

**I.	LEGAL STANDARD**

A motion for acquittal may only be granted when the evidence and all reasonable inferences to be drawn from it, taken in the light most favorable to the government, are

1

insufficient for a rational factfinder to conclude that the prosecution has proven, beyond a reasonable doubt, each of the elements of the offense. United States v. Pimental, 380 F.3d 575, 584 (1st Cir. 2004). The court does not assess the credibility of the witnesses, as that is "a role reserved for the jury." United States v. Rivera-Rodriguez, 617 F.3d 581, 596 (1st Cir. 2010) (quoting United States v. Troy, 583 F.3d 20, 24 (1st Cir. 2009)). When a "defendant challenges the sufficiency of the evidence, all of the proof must be perused from the government's perspective." United States v. Correia, 55 F.4th 12, 26 (1st Cir. 2022) (internal quotations omitted) (quoting United States v. Kilmartin, 944 F.3d 315, 325 (1st Cir. 2019)). As stated by Dessaps, "[i]f the evidence viewed in the light most favorable to the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, this court must reverse the conviction. This is so because . . . where an equal or nearly equal theory of guilt and a theory of innocence is supported by the evidence viewed in the light most favorable to the prosecution, a reasonable jury *must necessarily entertain* a reasonable doubt." United States v. Burgos, 703 F.3d 1, 10 (1st Cir. 2012) (quoting United States v. Flores–Rivera, 56 F.3d 319, 323 (1st Cir.1995)) (alterations in original) (emphasis in original).

**II.     DISCUSSION**

As to Count One, Conspiracy to Commit Wire Fraud based on his PPP application to Kabbage Bank, Dessaps claims the government introduced insufficient, circumstantial evidence, resulting in at least "an equal or nearly equal theory of guilt and a theory of innocence." Id. In reviewing the evidence in the light most favorable to the prosecution, including as laid out in the government's Opposition [Dkt. 239 at 3-6], the theories of guilt and innocence are not equally supported by the evidence, circumstantial or otherwise. A rational factfinder could find each element of the offense beyond a reasonable doubt.

As to Count Two, Money Laundering based on the checks written to Alexandre, Dessaps makes three arguments: (1) a lack of sufficient evidence that Dessaps knew the funds were proceeds of unlawful activity; (2) a lack of sufficient evidence that the purpose of the checks was to conceal the nature or source of the funds; and, (3) a merger problem. As to the first two arguments, viewing the evidence in the light most favorable to the prosecution, the Court sees no reason to disturb the jury's verdict. A reasonable factfinder could find guilt beyond a reasonable doubt as to these and the other elements of the offense. As to the merger problem, this Court finds that the charge of money laundering here did not improperly merge with Count One. Instead, this case is more similar to United States v. Foley, as the crime of Conspiracy to Commit Wire Fraud was complete prior to the transfer of funds to Alexandre, and the subsequent transfer to Alexandre did not represent payment of an expense of carrying on the fraud. 783 F.3d 7, 14-16, 16 n.8 (1st Cir. 2015); see also United States v. Kennedy, 707 F.3d 558, 563-67 (5th Cir. 2013). Thus, there is no merger problem.

As to Count Three, Bank Fraud based on the filing of a second draw PPP loan application, Dessaps again raises a sufficiency-of-the-evidence argument, claiming an equally plausible theory of innocence. This Court, again, disagrees with Dessaps that, when viewing the evidence in the light most favorable to the prosecution, there is an equally plausible theory of innocence. Instead, a reasonable jury could find that Dessaps was guilty of the offense beyond a reasonable doubt.

Finally, as to Count Four, Conspiracy to Commit Wire Fraud based on a fraudulent mortgage application, Dessaps claims the government introduced insufficient evidence both as to the purpose of the conspiracy and as to the materiality of Dessaps's misrepresentations. Again, viewing the evidence in the light most favorable to the prosecution, including the evidence

3

specifically identified in the government's Opposition [Dkt. 239 at 16-20], there is sufficient evidence for a rational factfinder to conclude that the prosecution has proven, beyond a reasonable doubt, each of the elements of the offense, including the two questioned by Dessaps.

## III. CONCLUSION

For the foregoing reasons, Dessaps's Motion for Acquittal After the Government's Case and Renewed After Close of Evidence [Dkt. 220] and Motion for Judgment NOV [Dkt. 239] are **DENIED**.

    **SO ORDERED.**

Dated: February 12, 2026                        /s/ Angel Kelley
                                                                        Hon. Angel Kelley
                                                                        United States District Judge